**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NAVIGATORS MANAGEMENT COMPANY, INC., in its individual capacity and on behalf of Navigators Insurance Company, Inc., and ASCOT INSURANCE COMPANY, | |
| Plaintiffs, | 23 CV 3377 |
| v. | **COMPLAINT** |
| EVERGREEN MARINE (ASIA) PTE. LTD. d/b/a EVERGREEN LINE and EVERGREEN LINE JOINT SERVICE AGREEMENT, F.M.C. NO. 011982, consisting of EVERGREEN MARINE CORP. (TAIWAN) LTD., ITALIA MARITTIMA S.P.A., EVERGREEN MARINE (UK) LTD., EVERGREEN MARINE (SINGAPORE) PTE. LTD., EVERGREEN MARINE (HONG KONG) LTD. and EVERGREEN MARINE (ASIA) PTE. LTD., | |
| Defendants. | |

Plaintiff Navigators Management Company, Inc., in its individual capacity and on behalf of Navigators Insurance Company, Inc., and Plaintiff Ascot Insurance Company, as and for their Complaint against Defendant Evergreen Marine (Asia) Pte. Ltd. d/b/a Evergreen Line and Defendant Evergreen Line Joint Service Agreement, F.M.C. No. 011982, consisting of Defendant Evergreen Marine Corp. (Taiwan) Ltd., Defendant Italia Marittima S.P.A., Defendant Evergreen Marine (UK) Ltd., Defendant Evergreen Marine (Singapore) Pte. Ltd., Defendant Evergreen Marine (Hong Kong) Ltd. and Defendant Evergreen Marine (Asia) Pte. Ltd., allege, upon knowledge as to their own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      The following issues concern a contract for the carriage of goods by sea to a port of the United States of America, in foreign trade, governed by the Carriage of Goods by Sea Act

("COGSA"), 46 U.S.C. § 30701 *et seq.* (note), or, in the alternative, the Harter Act, 46 U.S.C. § 30701 *et seq.*, and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      The following issues also concern breach of a maritime contract and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

3.      The following issues also concern the loss of or damage to goods while being carried by sea from a foreign port to a port of the United States of America and thereby come within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and are admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

4.      Defendants have consented to jurisdiction in the State of New York by virtue of said Defendants' or their agent's agreement to a contractual choice of forum clause that requires or allows actions against them to be instituted in this Court and/or are subject to jurisdiction in the State of New York by virtue of being a domestic New York business entity formed, organized and existing under the laws of the State of New York and/or having a place of business in the State of New York.

5.      Venue is proper in this District as to Defendants because Defendants are subject to personal jurisdiction in this District with respect to this action.

6.      Venue is also proper in this District because the subject contract of carriage or other applicable contract contains a choice of forum clause that calls for or allows the jurisdiction of this Court.

## PARTIES

7.      At and during all the times hereinafter mentioned, Plaintiffs had and now have the legal status and offices and places of business stated in Schedule A, which is appended hereto and hereby incorporated by reference and made a part hereof.

8.      At and during all the times hereinafter mentioned, Plaintiff Navigators Management Company, Inc. ("Navigators Management") was and is the managing general agent for Navigators Insurance Company, Inc. ("Navigators Insurance"), an insurance company.

9.      Plaintiff Ascot Insurance Company ("Ascot") is an insurance company.

10.     Plaintiffs and/or Navigators Insurance insured the shipment described in Schedule A.

11.     Plaintiffs and/or Navigators Insurance are the duly subrogated insurers and/or the assignees of the shipper, consignees and/or receivers of the shipment described in Schedule A, and/or a person with a proprietary interest in the shipment described in Schedule A, and/or a person owning, holding or entitled to possession of the shipment or the bill of lading or waybill described in Schedule A, and/or a person who is a "Merchant" as defined in the bill of lading or waybill described in Schedule A, and/or someone acting on behalf of any of the aforementioned persons (collectively referred to herein as the "Merchants"), and Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

12.     Plaintiffs have received an assignment of rights and claims of the Merchants for the loss of and damage to the shipment described in Schedule A.

13.     At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedule A and were and now are engaged in business as a common carrier of goods by sea for hire and/or as an ocean transportation intermediary.

14.     Defendants, at all relevant times, held themselves out to be and acted as a common carrier and/or a non-vessel operating common carrier engaged in the carriage of goods to or from a port in the United States of America and/or as an ocean transportation intermediary.

**FACTUAL BACKGROUND**

15.     On or about the date and at the Place of Receipt and/or the Port of Loading stated in Schedule A, there was tendered by the shipper and delivered to Defendants, as common carrier or otherwise, the shipment described in Schedule A, then being in good order and condition, and Defendants then and there accepted said shipment so tendered and delivered to Defendants, and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendants agreed to transport and carry said shipment to the Port of Discharge and/or the Place of Delivery stated in Schedule A, and deliver said shipment, in like good order and condition as when delivered to and received by Defendants, to the consignees named in Schedule A.

16.     The shipment described in Schedule A was in good order and condition when delivered to Defendants and when loaded on board the vessel named in Schedule A.

17.     Defendants, or their agent, issued a bill of lading or waybill for the shipment described in Schedule A, some of the particulars of which are stated in Schedule A.

18.     The bill of lading or waybill issued by or on behalf of Defendants was a clean bill of lading or waybill.

19.     A contract of carriage or other contract existed between Defendants and others in connection with the shipment described in Schedule A that the Merchants, and Plaintiffs and/or

4

Navigators Insurance as their subrogees and/or assignees, are parties to, are third-party beneficiaries of or are otherwise entitled to enforce.

20.     Such contract of carriage or other applicable contract concerns the carriage of goods by sea from a foreign port to a port of the United States of America.

21.     All obligations under the contract of carriage or other applicable contract to be performed on the part of the Merchants were performed, waived or otherwise excused.

22.     Among other obligations and duties, Defendants had an obligation and duty to deliver the shipment described in Schedule A in good order and condition to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

23.     The shipment described in Schedule A either was never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery, in violation of Defendants' obligations and duties as a common carrier of goods by sea for hire and/or as a non-vessel operating common carrier and/or as an ocean transportation intermediary, in breach of the contract of carriage or other applicable contract, and/or in breach of Defendants' obligations and duties as a bailee for hire.

24.     The Merchants suffered damages because the shipment described in Schedule A either was not delivered or was not delivered in good order and condition.

25.     The Merchants submitted a claim to Plaintiffs and/or Navigators Insurance for the loss of and damage to the shipment described in Schedule A.

26.     Plaintiffs and/or Navigators Insurance paid the claim submitted to them for the loss of and damage to the shipment described in Schedule A.

27.     By virtue of their payment, Plaintiffs and/or Navigators Insurance are equitably and/or contractually subrogated to the rights and claims of the Merchants.

28.     By virtue of the assignment they received from the Merchants, Plaintiffs and/or Navigators Insurance hold the rights and claims of the Merchants.

29.     By reason of the premises, the damages sustained as nearly as the same can now be estimated, no part of which has been paid by Defendants, are in the amount of at least $97,500.

## AS AND FOR A FIRST CAUSE OF ACTION

30.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "29" of this Complaint with the same force and effect as if more fully set forth herein.

31.     The bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contract are subject to the provisions of COGSA.

32.     The shipment described in Schedule A was in good order and condition when delivered to Defendants and the vessel named in Schedule A.

33.     The shipment described in Schedule A either was never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

34.     Under COGSA, Defendants are liable for the loss of and damage to the shipment described in Schedule A.

35.     Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot are entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

## AS AND FOR A SECOND CAUSE OF ACTION

36.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "35" of this Complaint with the same force and effect as if more fully set forth herein.

37.     To the extent they are not subject to the provisions of COGSA, Defendants, the bill of lading, waybill, contract of carriage and shipment described in Schedule A, and other applicable contract are subject to the provisions of the Harter Act.

38.     The shipment described in Schedule A was in good order and condition when delivered to Defendants and the vessel named in Schedule A.

39.     The shipment described in Schedule A either was never delivered to the Port of Discharge and/or the Place of Delivery stated in Schedule A or was not delivered in good order and condition to said Port of Discharge and/or Place of Delivery.

40.     To the extent they are not liable under COGSA, Defendants are liable under the Harter Act for the loss of and damage to the shipment described in Schedule A.

41.     Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot are entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

## AS AND FOR A THIRD CAUSE OF ACTION

42.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "41" of this Complaint with the same force and effect as if more fully set forth herein.

43.     Defendants breached the contract of carriage or other applicable contract either by failing to deliver the shipment described in Schedule A to the Port of Discharge and/or the Place of Delivery stated in Schedule A or by failing to deliver said shipment in good order and condition to said Port of Discharge and/or Place of Delivery.

44.     Defendants otherwise breached the contract of carriage or other applicable contract.

45.     The Merchants suffered damages because of the breach of contract by Defendants.

46.     Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot are entitled to recover the damages suffered because of the breach of contract by Defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION

47.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "46" of this Complaint with the same force and effect as if more fully set forth herein.

48.     The shipment described in Schedule A was entrusted to the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable for delivery to the Port of Discharge and/or the Place of Delivery stated in Schedule A.

49.     The shipment described in Schedule A was in good order and condition at the time it was entrusted to Defendants and/or persons for whom Defendants are vicariously liable.

50.     The shipment described in Schedule A was in the care, custody and control of Defendants and/or persons for whom Defendants are vicariously liable at the time said shipment was lost or damaged.

51.     Defendants and/or persons for whom Defendants are vicariously liable either failed to deliver the shipment described in Schedule A to the Port of Discharge and/or the Place of Delivery stated in Schedule A or failed to deliver said shipment in good order and condition to said Port of Discharge and/or Place of Delivery.

52.     Defendants and/or persons for whom Defendants are vicariously liable failed to return the shipment described in Schedule A in good order and condition.

53.     The loss of or damage to the shipment described in Schedule A was caused by or resulted from the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

54.     The Merchants suffered damages because of the acts or omissions of Defendants and/or persons for whom Defendants are vicariously liable.

55.     Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot are entitled to recover the damages suffered because of the loss of and damage to the shipment described in Schedule A.

        **WHEREFORE**, Plaintiffs pray as follows:

A.      For judgment on the First, Second, Third and Fourth Causes of Action in favor of Navigators Management, in its individual capacity and on behalf of Navigators Insurance, and Ascot and against Defendants awarding Plaintiffs damages in an amount to be determined at trial; and

B.      For such other and further relief as the Court deems just and proper under the circumstances, together with the costs and disbursements of this action.

Dated: New York, New York
       April 21, 2023

                                NICOLETTI HORNIG & SWEENEY
                                *Attorneys for Plaintiffs*

                                By:     S/ *Kevin J.B. O'Malley*
                                        Kevin J.B. O'Malley
                                        Wall Street Plaza
                                        88 Pine Street, Seventh Floor
                                        New York, New York 10005
                                        (212) 220-3830
                                        komalley@nicolettihornig.com

## SCHEDULE A

**Plaintiffs' Legal Status and Offices and Places of Business:**

Plaintiff Navigators Management Company, Inc. was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York with an office and place of business at One Hartford Plaza, Hartford, CT 06155.

Plaintiff Ascot Insurance Company was and is a business entity duly organized and existing under and by virtue of the laws of the State of Colorado with an office and place of business at 10233 South Parker Road, Suite 300, Parker, CO 80134.

**Defendants' Legal Status and Offices and Places of Business:**

Defendant Evergreen Marine (Asia) Pte. Ltd. d/b/a Evergreen Line was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 200 Cantonment Road, #12-01 Southpoint, Singapore 089763.

Defendant Evergreen Line Joint Service Agreement, F.M.C. No. 011982, was and is a business entity duly organized and existing under and by virtue of the laws of an unknown state with an office and place of business at No. 163 SEC.1, Hsin-Nan Road Luchu District, Taoyuan City Hsien, 33858, Taiwan.

Defendant Evergreen Marine Corp. (Taiwan) Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 166 Minsheng East Road, Section 2, Taipei City, Taiwan.

Defendant Italia Marittima S.P.A. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Passeggio S. Andreas, 4-34123 Trieste, Italy.

Defendant Evergreen Marine (UK) Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at Evergreen House, 160 Euston Road, London, England NW1 2DX UK.

Defendant Evergreen Marine (Singapore) Pte. Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 200 Cantonment Road, #12-01, Southpoint, Singapore, 089763.

Defendant Evergreen Marine (Hong Kong) Ltd. was and is a business entity duly organized and existing under and by virtue of the laws of a foreign state with an office and place of business at 22-23 Floor, Harcourt House, 39 Gloucester Road, Wan Chai, Hong Kong.

**Shipment:**

| | |
|---|---|
| Plaintiffs: | Navigators Management Company, Inc., in its individual capacity and on behalf of Navigators Insurance Company, Inc., and Ascot Insurance Company |
| Defendants/Carriers: | Evergreen Marine (Asia) Pte. Ltd. d/b/a Evergreen Line and Evergreen Line Joint Service Agreement, F.M.C. No. 011982, consisting of Evergreen Marine Corp. (Taiwan) Ltd., Italia Marittima S.P.A., Evergreen Marine (UK) Ltd., Evergreen Marine (Singapore) Pte. Ltd., Evergreen Marine (Hong Kong) Ltd. and Evergreen Marine (Asia) Pte. Ltd. |
| Bill of Lading/Waybill No.: | 540100218815 |
| Container No(s).: | EMCU5298359 |
| Consignee: | Seafrigo Inc |
| Place of Receipt: | Le Havre |
| Port of Loading: | Le Havre |
| Port of Discharge: | New York, NY |
| Place of Delivery: | New York, NY |
| Vessel/Voyage: | CMA CGM TOSCA / 0LBAHW1MA |
| Date of Shipment: | on or about January 4, 2022 |
| Description of Goods: | Food stuffs |
| Nature of Loss: | Physical loss or damage |
| Amount of Loss: | $97,500 plus interest and costs |